# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00507-CV

---

### C. V., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. 19-1044-A, THE HONORABLE DAVID JUNKIN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

C.V. (Mother) appeals from the trial court's final order in suit affecting the parent-child relationship concerning her child C.G.[1]  Following a de novo hearing, the trial court found that it was not in C.G.'s best interest for Mother to be appointed a possessory conservator, appointed the child's father as sole managing conservator, and appointed Mother as non-possessory conservator.  *See* Tex. Fam. Code §§ 153.071 (requiring court to specify rights and duties of parents appointed as conservators), .072 (authorizing court to limit rights and duties of parent appointed as conservator "if the court makes a written finding that the limitation is in the best interest of the child").  The court allowed Mother supervised visitation if C.G. requested it.

---

[1] We refer to appellant by her initials or as Mother and the child by his initials.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.  In this Court's cause number 03-20-00506-CV, Mother appeals from the termination of her parental rights to her other children.

On appeal, Mother's court-appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re E.L.W.*, No. 01-17-00546-CV, 2017 Tex. App. LEXIS 11014, at \*1–2 (Tex. App.—Houston [1st Dist.] Nov. 18, 2017, no pet.) (mem. op.) ("*Anders* procedures are appropriate in an appeal from a trial court's final order in a suit brought by DFPS for the protection of a child, for conservatorship, or for parental-rights termination."); *In re J.E.L.*, No. 04-15-00634-CV, 2016 Tex. App. LEXIS 3494, at \*1 (Tex. App.—San Antonio Apr. 6, 2016, pet. denied) (mem. op.) (applying *Anders* procedure in appeal from trial court's order in suit affecting the parent-child relationship in which court did not terminate parental rights but appointed grandmother as managing conservator and parents as possessory conservators). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744. Mother's counsel has certified to this Court that she provided Mother with a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief. To date, Mother has not filed a pro se brief.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on Mother's behalf, and have found nothing that would arguably support an appeal. We agree that

2

the appeal is frivolous and without merit.  Accordingly, we affirm the trial court's final order in

suit affecting the parent-child relationship.**2**

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   March 4, 2021

---

**2** We deny Counsel's motion to withdraw as attorney of record.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).  If Mother, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *See id.* at 27–28.